IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HIFI AND THE ROADBURNERS, an Illinois General Partnership**<br><br>**Plaintiff,**<br><br>vs.<br><br>**VICTORY RECORDS, INC.**<br><br>**Defendant.** | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff HiFi and the Roadburners brings this Complaint against Defendant Victory Records, Inc. for copyright infringement and conversion, and alleges as follows:

### NATURE OF THE ACTION

1. This case involves deliberate and willful infringement and conversion by Defendant Victory Records, Inc. ("Victory Records") of intellectual property owned by Plaintiff HiFi and the Roadburners (the "Partnership").

2. Plaintiff brings this action seeking to put an immediate stop to, and to obtain redress for, Defendant Victory Records's blatant and willful infringement of, and conversion of, copyrights in several of Plaintiff's musical compositions and sound recordings.

3. Defendant's conduct is causing, and unless immediately stopped, will continue to cause irreparable harm to Plaintiff. Defendant may not continue to exploit Plaintiff's musical compositions and sound recordings. Defendant's conduct must be immediately stopped, and Plaintiff must be compensated for Defendant's willful acts of infringement.

1

## PARTIES

4. Plaintiff is an Illinois general partnership located at 1N644 Northwoods Drive, West Chicago, IL 60185. Plaintiff is comprised of former members of the rock band of the same name, who are musical artists and songwriters. Certain individual members of the Partnership are authors of the musical compositions included on the albums "Fear City," "Wine, Women, and Sin," "Live in Fear City," and "Flat Iron Years," among others, and the Partnership is assignee to and owner of the rights and the titles to the copyrights in the compositions and/or sound recordings of these albums, and all songs therein.

5. Upon information and belief, Defendant Victory Records is an Illinois corporation with its principal place of business at 346 N Justine St., 5th Floor, Chicago, IL 60607.

## JURISDICTION

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it includes claims of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.

8. The Court has subject matter jurisdiction over the Illinois state law claim pursuant to 28 U.S.C. § 1367 because it arises out of the same nucleus as operative facts as Plaintiff's claim for copyright infringement.

9. The Court has personal jurisdiction over Defendant Victory Records by virtue of it being a registered Illinois corporation with its principal place of business in Illinois, and its commission of wrongful acts within the State of Illinois.

**VENUE**

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendant Victory Records has its principal place of business in this district, transacts business in this district, and a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, in this district.

**FACTS RELEVANT TO ALL CLAIMS**

11. In 1984, brothers Erik Kish and Hans Kish formed the rock band HiFi and the Roadburners ("HiFi"), along with Mike Berquist and Bob Morris. HiFi was formed and based in Chicago, Illinois. Although HiFi's membership has changed over the years, brothers Erik Kish and Hans Kish remained continuous members of HiFi until Erik's death in 2011.

12. HiFi's unique sound drew from a blend of punk rock and rockabilly elements. In their early years, the members of HiFi worked hard to promote themselves by posting fliers and playing a relentless schedule of shows in local Chicago venues, such as The Vic, Park West, Double Door, Thurston's, Avalon, Cobra Lounge, Metro, and House of Blues. The band's hard work led them to develop a devoted fan base in the Chicago area.

13. As HiFi increased in popularity, they began touring across the United States, playing as many as 30 to 50 dates at small and medium venues, often making just enough money to break even after paying for their touring expenses, lodging, and transportation.

14. HiFi's music earned them critical acclaim, along with the attention of record labels such as Defendant Victory Records.

15. In 1993, HiFi released a 7-inch single through Victory Records entitled "Demons of Wicker Park."

16. The following year, in 1994, HiFi recorded their first full-length album with Victory Records, entitled "Fear City."

17. Ultimately, HiFi wrote, arranged, produced, and recorded three more albums to be distributed by Victory Records: "Wine, Women, and Sin" in 1996; "Live in Fear City" in 1997; and "Flat Iron Years" in 1998.

18. The members of HiFi co-wrote the music, songs, and lyrics for each of the original songs that appeared on each of their albums.

19. A copyright was created in each original music, song and lyric the moment it was recorded or otherwise fixed in a tangible medium pursuant to 17 U.S.C. § 102(a).

20. Defendant Victory Records has unlawfully registered for copyrights in the sound recordings of Plaintiff's albums "Fear City" (under Reg. No. SRu000495364) and "Live in Fear City" (under Reg. No. SRu000490348).

21. The members of HiFi never signed any documents assigning their interest in any copyrights in their songs and albums to Defendant Victory Records, or to any other third party.

22. On or around August 2009, it came to Plaintiff's attention that Defendant had reproduced and distributed, and was continuing to reproduce and distribute, songs from the Plaintiff's albums "Fear City," "Wine, Women, and Sin," "Live in Fear City," and "Flat Iron Years" through the online music store iTunes without the permission of Plaintiff.

23. Defendant does not have any license, authorization, permission, or consent to use the aforementioned compositions in any way.

24. On May 16, 2014, counsel for Plaintiff sent a letter to Defendant Victory Records stating that Defendant's distribution of these albums and songs on iTunes constitutes infringement of Plaintiff's rights, and demanded that Defendant immediately cease and desist from any further use of the albums and songs. In a response email on May 19, 2014, counsel for

Defendant replied via e-mail and stated in relevant part that Defendant would not remove the albums from iTunes.

25. On July 2, 2014, counsel for Plaintiff sent another letter to counsel for Defendant requesting any evidence of Defendant's ownership of the any rights in the albums and songs. On July 7, 2014, counsel for Defendant sent a letter to counsel for Plaintiff stating that an alleged agreement between Plaintiff and Defendant dated July 28, 1994 gave Defendant "*at minimum*, the right to distribute and otherwise exploit any master recordings delivered by the band to Victory under the agreement." Additionally, in the July 7, 2014 letter, counsel for Defendant stated: "Whether or not Victory owns the copyrights to the master recordings (an issue which I need not address for the purposes of this letter, and which I do not concede), it clearly has the right to sell, distribute and exploit them, including without limitation, through digital stores such as iTunes."

26. On July 8, 2014, counsel for Plaintiff sent an e-mail to counsel for Defendant requesting a copy of the alleged July 28, 1994 agreement. After receiving no response for two months, on September 9, 2014, counsel for Plaintiff sent another e-mail to counsel for Defendant to again request a copy of the alleged July 28, 1994 agreement.

27. On September 16, 2014, counsel for Defendant sent a copy of the alleged July 28, 1994 agreement to counsel for Plaintiff.

28. Plaintiff contests the validity of the alleged July 28, 1994 agreement.

29. Regardless of the validity of the alleged July 28, 1994 agreement, the alleged agreement does not include any provisions assigning any copyrights owned by Plaintiff in Plaintiff's albums or songs to Defendant.

30. To date, Defendant has not removed Plaintiff's albums from iTunes.

31. Plaintiff is entitled to injunctive relief and redress for Defendant's willful, intentional and purposeful use and exploitation of the copyrighted compositions and sound recordings for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiff's rights.

## COUNT I
## CONVERSION OF COPYRIGHT

32. Plaintiff hereby incorporates by reference and repeats the allegations contained in the preceding paragraphs of the Complaint.

33. Plaintiff is informed and believes and thereon alleges that Defendant has taken control and ownership of the copyrights in the sound recordings of Plaintiff's albums "Fear City" and "Live in Fear City," albums for which Plaintiff possesses an undivided interest in the original songs therein, for Defendant's own benefit and use without authority.

34. Specifically, Defendant has unlawfully registered for copyrights in the sound recordings of the albums "Fear City" (under Reg. No. SRu000495364) and "Live in Fear City" (under Reg. No. SRu000490348).

35. Defendant has refused, and still refuses, to transfer to Plaintiff or cancel their unlawful registrations of the copyrights in Plaintiff's albums "Fear City" and "Live in Fear City."

36. As such, Defendant has unlawfully, wrongfully and willfully converted said property and rights of Plaintiff to its own use.

## COUNT II
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 106 AND 501

37. Plaintiff hereby incorporates by reference and repeats the allegations contained in the preceding paragraphs of the Complaint.

38. Plaintiff is the owner of the copyrights identified by the certificates in the attached Exhibit A.

39. Through their conduct averred herein, Defendant has infringed Plaintiff's copyrights in the albums "Wine, Women, and Sin" (under Reg. No. SR0000616328), "Live in Fear City" (under Reg. No. SR0000740213), and "Flat Iron Years" (under Reg. No. SR0000654921) in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

40. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

41. As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

42. Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

43. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

44. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the aforementioned albums. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

\* \* \*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HiFi and the Roadburners respectfully requests that the Court:

1. Preliminarily and permanently enjoin Defendant Victory Records, as well as its subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with Defendant, from continuing to infringe Plaintiff's copyrights;

2. Order the cancellation of or transfer to Plaintiff of Defendant Victory Records's unlawfully registered copyrights in the sound recordings of the albums "Fear City" and "Live in Fear City";

3. Enter a judgment awarding Plaintiff damages in such amount as may be found, or as otherwise permitted by law;

4. Order an accounting of, and the imposition of constructive trust with respect to, Defendant's profits attributable to their infringements of Plaintiff's copyrights;

5. Enter a judgment awarding Plaintiff its costs and reasonable attorneys' fees related to Defendant's copyright infringement; and

6. Grant Plaintiff such other and further relief as this Court deems just and equitable.

Dated: April 22, 2015

Respectfully submitted,

_____

KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Garret A. Leach, hereby certify that on April 22, 2015, I caused a true and correct copy of the foregoing **COMPLAINT** to be filed with this Court by means of the CM/ECF system.

Dated: April 22, 2015                                         /s/ *Garret A. Leach*

KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*Attorneys for Plaintiff*